Patricia A. SMOLSKY

v.

CONSOLIDATED RAIL
CORPORATION.

Civ. A. No. 90–4634.

United States District Court,
E.D. Pennsylvania.

March 3, 1992.

Jean M. Handley, G. Sander Davis, William L. Myers, Jr., G. Sander Davis and Associates, Philadelphia, Pa., for plaintiff.

Barry Simon, Schnader, Harrison, Segal & Lewis, Eric Hoffman, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUTTON, District Judge.

Presently before the Court is the defendant's motion for reconsideration of the Court's memorandum and order of December 11, 1991, the plaintiff's response, and the defendant's reply. For the following reasons the motion for reconsideration is DENIED.

The factual and procedural background of this matter has been set forth in this Court's prior memorandum of December 11, 1991. 780 F.Supp. 283. The defendant argues that the Court applied an inappropriate standard for summary judgment and erred regarding the applicable law. The Court finds no error in the December 11, 1991 memorandum and addresses the defendant's concerns in order.

■■■ The defendant is correct in asserting that the party opposing summary judgment must come forward with admissible evidence to demonstrate a genuine issue of material fact. *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, ——, 110 S.Ct. 3177, 3186, 111 L.Ed.2d 695 (1990). The Court notes that the parties submitted extensive deposition transcripts and numerous affidavits. The plaintiff has made specific averments in her deposition and subsequent affidavits regarding the elements in her case. The defendant has come forward with evidence to the contrary. Credibility is, therefore, the contested factor in this case. Credibility is not the province of the Court on summary judgment.

The defendant raises five examples as demonstrating how the Court erred in applying the summary judgment standard. On the contrary, the defendant's arguments on each point are essentially that the Court erred in regarding the amount of evidence the plaintiff should have submitted to avoid summary judgment. Rule 56(e) and the Supreme Court decision in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) require that the plaintiff make a "showing sufficient" to establish the plaintiff's case. The plaintiff has done so in this case. The Court will now briefly address the defendant's five specific contentions.

■■■ The Court did not base its decision on foreseeability primarily on the strength of an affidavit supplied by the defendant regarding past emotional problems of the plaintiff, nor on the evidence regarding the purpose behind assigning Dominic Scatasti to his position.[1] These first two conten-

---

1. This affidavit was supplied by the defendant and the contents are not facts the Court took out of context, but were supplied by the defendant

for the purpose of showing the plaintiff's past history of problems. If the defendant supplies the information regarding the plaintiff, it is not

tions by the defendant address whether there is a genuine issue of material fact regarding foreseeability. The Court made clear in the opinion upon what portions of the record the Court relies in finding a genuine issue of material fact on foreseeability. For the purpose of convenience that portion of the Court's decision is restated here:

> Contrary to the defendant's argument there is substantial evidence of foreseeability of the injuries of the plaintiff as a result of defendant's conduct. The defendant admits it knew of the plaintiff's past emotional problems. (Defendant's Brief pg. 5 n. 3) (Severe anxiety depression caused plaintiff to miss two years of work). The individual who allegedly harassed the plaintiff indicated in his deposition that, when he was assigned to his position, Conrail assigned him because of his intimidating management style. Not only did they know of his propensities but promoted them in order to bring certain offices in line. In addition, the plaintiff did complain several times to managers of equal responsibility of Scatasti but to no avail. The alleged harassment continued unabated until Scatasti was reassigned to another office.... Based on that summary of the plaintiff's position which has plausible support in the record, the Court cannot say that there is no genuine issue of material fact as to foreseeability.

Clearly the Court did not rely solely upon those one or two facts. The Court relied on the deposition transcripts and affidavits submitted by both parties. As to the FELA claim, the defendant in the motion for summary judgment challenged the sufficiency of the record on foreseeability. Pages 16 through 19 of the memorandum, a portion of which is restated above, provide a clear and concise analysis of the presence of a genuine issue of material fact. Because the Court has addressed this issue extensively in the original memorandum, this contention is without merit.[2]

With regard to the third argument of the defendant regarding the chronology of events, the defendant is correct that the Court misstates the chronology. However, upon reconsideration of the foreseeability issues in relation to the proper chronology, the Court finds its error to be irrelevant. The Court's treatment of foreseeability relies not upon the chronology, but upon events occurring before the mistake in the chronology. The actions which the Court reversed in its chronology concern injury and not foreseeability. The Court's analysis above on foreseeability clearly demonstrates the presence of a genuine issue of material fact regarding foreseeability.

■ The fourth factual contention of the defendant concerns questions of a legal nature. The defendant argues that because only the non-sexual abuse was reported by the plaintiff, there was no notice to the defendant. The defendant argues that complaints must be of a sexual nature to be actionable under Title VII. The case law on this is clear. Sexual harassment or unequal treatment of employees on the basis of sex, does not have to take the form of sexual advances or contain sexual overtones. *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1415 (10th Cir.1987); *McKinney v. Dole*, 765 F.2d 1129, 1138–39 (D.C.Cir. 1985). Unequal treatment or harassment based on the sex of the employee is the touchstone of the action. There is ample evidence in the record, as the Court found, which indicates that the plaintiff has made the requisite showing under *Celotex* that she was harassed because she was a woman.

■ The fifth factual argument of the defendant fails to consider the Court's whole discussion on the issue of notice under Title VII. The Court specifically re-

---

unfair to assume that the defendant had knowledge of the contents of the report on the plaintiff.

**2.** The defendant also argues that the Court imposes a burden upon an employer to consider an employee's past medical history when mak-

ing assignments. The Court made no such statement and announced no such rule. Such a rule would be irrelevant because a tortfeasor takes the plaintiff as he finds her. *Lancaster v. Norfolk & Western R. Co.*, 773 F.2d 807 (7th Cir.1985).

ferred to its review of the facts on foreseeability as being probative of notice. Indeed, the defendant made a similar reference in its original motion for summary judgment. A review of pages 22 and 23 of the Court's opinion demonstrates that the Court properly considered all of the evidence available and found that a genuine issue of material fact is present on the issue of notice.

The Court has reviewed the record supplied by the parties for a second time, as well as the original motion and briefs. Because the Court applied the proper standard and did not allow inadmissible evidence to taint its decision, there is no basis to reconsider the prior decision.

The defendant also raises alleged legal errors in the Court's December 11, 1991 memorandum. The Court's opinion sets forth the correct legal analysis[3], and the Court upon reconsideration finds no error with that analysis. There has been no new citation or argument presented to the Court which differs from the arguments presented in the original motion for summary judgment.

---

**3.** Contrary to the defendant's assertion, the Court did not adopt the dissenting position of Judge Mansmann in two prior FELA decisions of the Third Circuit. As explained in the original decision, the decisions in *Holliday v. Consolidated Rail Corp.*, 914 F.2d 421 (3d Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 970, 112 L.Ed.2d 1057 (1991), and *Outten v. National Railroad Passenger Corp.*, 928 F.2d 74 (3d Cir. 1991), were limited to the specific facts of those cases. The decision which this Court reached on December 11, 1991, was not foreclosed by those two prior decisions as the Court discussed on pages 11 to 15 of the original opinion.